UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIAM LYONS,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:18-cv-00523-MMD-WGC

ORDER

Petitioner William Lyons has submitted an application to proceed *in forma pauperis* (ECF No. 1) and a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Court construes the Rule 60(b) motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for the reasons explained below. The Court finds that Petitioner is unable to pay the filing fee. The Court has reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner needs to show cause why this Court should not dismiss this action.

The Court takes judicial notice of Petitioner's prior habeas corpus action, *Lyons v. Baca*, No. 3:14-cv-00173-HDM-WGC ("*Lyons I*"). The Eighth Judicial District Court of the State of Nevada, Case No. 00C171837, convicted Petitioner of two counts of sexual assault with a minor under the age of fourteen and eight counts of lewdness with a child under the age of fourteen. *Lyons I*, ECF No. 11-12 (amended judgment of conviction). In *Lyons I*, Petitioner challenged his custody pursuant to that amended judgment of conviction. This Court dismissed that action because it was untimely. *Lyons I*, ECF No. 22. The Court of Appeals denied a certificate of appealability. *Lyons I*, ECF No. 28.

The law restricts Petitioner's ability to pursue a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2254.

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

///

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244. "[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of . . . 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). "[A Rule 60(b)] motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of [§ 2244(b)]'s limitations on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5 (2005)).

Petitioner's Rule 60(b) motion is not a true Rule 60(b) motion. Petitioner does not allege that the decision in *Lyons I* was due to a fraud on the court. Nor does Petitioner allege that the Court's determination that *Lyons I* was untimely itself was erroneous. Instead, he presents grounds for relief from the state-court amended judgment of conviction. The dismissal of *Lyons I* as untimely makes any subsequent petition a second or successive petition under § 2244(b). *McNabb*, 576 F.3d at 1030. The Rule 60(b) motion in this action is a disguised second or successive petition under 28 U.S.C. § 2244(b). *Jones*, 733 F.3d at 834. Petitioner must first obtain authorization from the Court of Appeals before this Court can consider his Petition. 28 U.S.C. § 2244(b)(3). Nothing in the documents that Petitioner has filed indicates that he has received that authorization.

Petitioner has filed a motion for appointment of counsel and a motion to re-arrange the pages (ECF No. 3). The Court denies these motions because it appears that Petitioner is not authorized to proceed with this action. If Petitioner can show authorization, then he may renew these motions.

It therefore is ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted. Petitioner need not pay the filing fee of five dollars.

It is further ordered that the Clerk of the Court file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

It is further ordered that the Clerk of the Court file the motion for appointment of counsel.

It is further ordered that the motion for appointment of counsel is denied.

It is further ordered that the motion to re-arrange the pages (ECF No. 3) is denied.

It is further ordered that Petitioner will have 30 days from the date of entry of this order to show cause why this action should not be dismissed as a second or successive petition. Failure to comply will result in the dismissal of this action.

DATED THIS 2nd day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3