UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM LYONS,<br><br>                               Petitioner,<br>      v.<br>ISIDRO BACA, *et al.*,<br><br>                               Respondents. | Case No. 3:18-cv-00523-MMD-WGC<br><br>ORDER |

The Court instructed Petitioner to show cause why the Court should not dismiss this action as an unauthorized second or successive petition. (ECF No. 4.) Petitioner has filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 9.) Petitioner does not persuade the Court, and the Court dismisses the action.

Petitioner commenced this action with a Rule 60(b) motion. The Court reviewed it and determined that the motion was a disguised attempt to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2254. (ECF No. 4 at 3 (citing *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013)).) Petitioner had not received authorization from the Court of Appeals to file the Petition. *See* 28 U.S.C. § 2244(b)(3).

The current Rule 60(b) motion (ECF No. 9) is no different. Petitioner does not show cause why the Court should not dismiss the action. Petitioner does not argue that the Court's determinations in its earlier order were mistaken. Instead, Petitioner again presents grounds for relief from the state-court amended judgment of conviction. The Court cannot consider the Petition because the Court of Appeals has not authorized its filing. The Court dismisses the action.

1 | Petitioner has filed a motion for appointment of counsel (ECF No. 10). The Court denies the motion because the Court must dismiss the action. However, Petitioner notes that he has an argument for actual innocence that counsel can develop. (ECF No. 10 at 4-5.) If Petitioner has an argument for actual innocence, then he needs to present that argument to the Court of Appeals in an application for authorization to file a second or successive petition.

Reasonable jurists would not find the Court's determinations to be debatable or wrong, and the Court will not issue a certificate of appealability.

It is therefore ordered that the motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 9) is denied.

It is further ordered that the motion for appointment of counsel (ECF No. 10) is denied.

It is further ordered that this action is dismissed because it is an unauthorized second or successive habeas corpus petition. The Clerk of the Court is instructed to enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability will not issue.

DATED THIS 6th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE